IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TONY RAY HANSEN,
      Plaintiff,

vs.                                Case No. 3:12cv40/LC/CJK

NICOLE COXWELL, et al.,
      Defendants.
_____

## REPORT AND RECOMMENDATION

      Plaintiff, proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). The filing fee has been paid. (Doc. 4). Upon review of the complaint, the Court concludes that this case should be dismissed as malicious for plaintiff's abuse of the judicial process, or in the alternative, that the case should be dismissed for plaintiff's failure to state a claim upon which relief may be granted.

      Plaintiff is an inmate of the Florida penal system currently confined at Century Correctional Institution. Plaintiff is suing two sheriff's deputies with the Escambia County Sheriff's Office in Pensacola, Florida (Investigator Nicole Coxwell and Investigator Carol Turner), four police officers with the Morgan Hill Police Department in Morgan Hill, California (Detective Dini, Officer Ray, Officer Ruedas and Officer Beilmann), and two sheriff's deputies with the Santa Clara County Sheriff's Office in San Jose, California (Sergeant Tarabini and Deputy Kubik). (Doc.

1, pp. 1-2).  Plaintiff claims the defendants violated his rights under the Fifth and Fourteenth Amendments when defendants Dini, Ray, Ruedas, Tarabini and Kubik arrested plaintiff on November 7, 2007 without a warrant, based on the "false" representation of defendant Coxwell that she had obtained a warrant.  (Doc. 1, pp. 5-6D).  The allegations of plaintiff's complaint, as construed from plaintiff's Statement of Facts and attachments, are these.

Plaintiff is a Registered Sexual Offender in the State of Florida.  (Doc. 1, Ex. A, p. 1).  On October 25, 2007, defendant Turner received an e-mail from the Florida Department of Law Enforcement advising that the agency received information that plaintiff was residing in Whittier County, California.  (*Id*.).  The FDLE requested that Turner conduct an address verification.  Defendants Turner and Coxwell contacted plaintiff's last known employer, who advised that plaintiff left Florida over the Labor Day weekend and was at a job site in California.  (Doc. 1, p. 5).  On October 29, 2007, Escambia County Sheriff's Office Investigator Cynthia Moore contacted plaintiff by phone.  (Doc. 1, Ex. A, p. 3).  Plaintiff stated that he was currently residing in Morgan Hill, California and that he planned to remain in Morgan Hill until November 5, 2007, at which time he was moving back to San Jose, California.  (*Id*.).  Plaintiff stated he did not have a permanent address, because he had been traveling from state to state with his job.  (*Id*.).  Plaintiff admitted that he was not registered anywhere, but stated that each time he traveled to a different state, he made contact with the local sheriff's office and advised them that he was there working and was a Registered Sexual Offender.  Plaintiff advised Moore that he was told he did not have to register because he was considered a transient, but plaintiff was unable to provide Moore with the name or any information concerning the person who allegedly told

him that.  (*Id.*).  Plaintiff stated that he left Pensacola the weekend before Labor Day and did not contact the Escambia County Sheriff's Office prior to moving out of state.

On November 7, 2007, defendant Coxwell contacted defendant Beilmann and advised Beilmann that she "walked a warrant through" for plaintiff's arrest. Defendant Beilmann confirmed that plaintiff was a registered sex offender, and determined plaintiff's whereabouts.  (Doc. 1, Ex. B, p. 5).  Defendant Beilmann, accompanied by defendants Dini, Ray, Tarabini and Kubik, went to plaintiff's job site and arrested plaintiff.  (*Id.*).  Plaintiff was transported to the Morgan Hill Police Department for booking, and then transported to the Santa Clara County Jail for housing until his extradition to Florida.  (*Id.*).  Defendant Beilmann's report states: "Hansen [plaintiff] was arrested on Escambia Sheriff's Office warrant #07WAR028917.  The warrant was for failing to register as a sex offender/failure to report residence change with full extradition back to Pensacola."  ( *Id.*).

Attached to plaintiff's complaint is a copy of the Escambia County Sheriff's Office arrest report.  (Doc. 1, Ex. A).  The report indicates that  Escambia County Circuit Court Judge J. Williams signed warrant #07WAR028917 on November 6, 2007.  (*Id.*, Ex. A, p. 4).

Plaintiff alleges that his arrest was illegal, because no warrant existed at the time he was arrested – he was arrested solely on the word of defendant Coxwell. (Doc. 1, p. 6A-6B).  As evidence that this is true, plaintiff relies on the fact that when he submitted a Freedom of Information Act ("FOIA") request to the Escambia County Clerk of Court requesting a copy of the signed arrest warrant in his criminal case (Case No. 2008-CF-240), the Clerk provided plaintiff with a copy of the Arrest Report and  Docket Summary Sheet for his case, but advised plaintiff that "The Clerk

of Court does not have the original arrest warrant on file, nor do we have a transport order." (Doc. 1, Ex. C, p. 1). Plaintiff also relies on the fact that when he submitted FOIA requests to the Morgan Hill Police Department and the Escambia County Sheriff's Office for the production of the arrest warrant, they did not produce a copy of a warrant. (Doc. 1, p. 6C and Exs. A, B). The Escambia County Sheriff's Office produced only a copy of the arrest report prepared by Investigator Moore on January 10, 2008, the date plaintiff was received into the custody of the Escambia County Sheriff's Office. (*Id*., Ex. A). Plaintiff infers from the agencies' FOIA responses that a warrant did not issue prior to his arrest. The docket sheet of plaintiff's criminal case indicates, and the Department of Corrections' website confirms, that plaintiff was convicted in Case No. 2008-CF-240 of failing to comply with the requirements of the Registered Sex Offender law, Fla. Stat. § 943.0435. In this case, plaintiff seeks damages and a declaration that his arrest was illegal. (Doc. 1, p. 7).

DISCUSSION

Because plaintiff is a prisoner, the Court is required to dismiss plaintiff's complaint if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). The Court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

<u>Plaintiff's Complaint Is Malicious</u>

On page three of the civil rights complaint form, Section IV(B) Previous Lawsuits, is the following question: "Have you initiated other actions in federal court dealing with the same or similar facts/issues involved in this action?" (Doc. 1, p. 3). Where there are parenthetical areas to mark either a "Yes" or "No" answer to

Question (C), plaintiff marked "No." (*Id*.).  The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary.  Plaintiff disclosed no cases.

On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question:  "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*)[1] in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?"  (Doc. 1, p. 4).  Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), plaintiff marked "No." (*Id.*).  The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary.  Plaintiff disclosed no cases.

On the same page of the complaint form, Section IV(D), Previous Lawsuits, is the following question:  "Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?"  (Doc. 1, p. 4).  Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (D), plaintiff marked "No." (*I*d.).  The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary.  Plaintiff disclosed no cases.

At the end of the civil rights complaint form, plaintiff signed his name after the following statement:  "I declare under penalty of perjury that the foregoing statements

---

[1]Questions (A) asked plaintiff whether he had initiated other actions in state court dealing with the same or similar facts/issues involved in the present action.  Plaintiff answered "No" to Question (A) and disclosed no cases.  (Doc. 1, p. 3).

of fact, including all continuation pages, are true and correct." (*Id.*, p. 7).  Thus, plaintiff has in effect stated that he initiated no other lawsuits in federal court dealing with the same or similar facts/issues involved in this action; that he initiated no other lawsuits in federal court relating to the fact or manner of his incarceration; and that he has never had any action in federal court dismissed prior to service.

As a matter of course, this Court attempts to make an independent investigation into whether or not litigants truthfully complete the civil rights complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the court's jurisdiction.  Further, in the light of 28 U.S.C. § 1915(g)[2], the Court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision.  The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the reasons for their dismissal can be considerable.  As the Eleventh Circuit explained:  "[T]he task of counting strikes involves more than sophomoric arithmetic.  Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted."  *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998) (citing 28 U.S.C. § 1915(g)), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).

---

[2]Section 1915(g) provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

The Clerk has advised and this Court may take judicial notice, that at the time plaintiff initiated this lawsuit on January 19, 2012, he had initiated a prior civil rights action in this Court that (1) involved the same or similar facts as this action, (2) challenged the fact or manner of plaintiff's confinement on the state law violations for which plaintiff is now incarcerated, and (3) was dismissed prior to service.  In *Hansen v. State of Florida*, Case Number 3:08cv542/MCR/EMT, plaintiff sued the State of Florida and the Escambia County Sheriff's Office challenging his pre-trial detention and prosecution in Escambia County Case No. 2008-CF-240.  Plaintiff claimed, among other things, that the arrest warrant failed to notify him with particularity of the dates of the alleged violations.  (Case Number 3:08cv542, Doc. 1).  Plaintiff's civil rights case was dismissed on November 23, 2009, prior to service, for plaintiff's failure to comply with an order of the court and failure to prosecute.  (*Id*., Docs. 23, 24).  A copy of the dismissal order and judgment was mailed to plaintiff at Century Correctional Institution on January 8, 2010.  (*Id*., doc. 26).  Plaintiff did not disclose that case in the instant complaint.

The Court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court.  If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice.  The Court will not tolerate false responses or statements in any pleading or motion filed before it.  Here, plaintiff falsely responded to questions on the complaint form, as detailed above.  Plaintiff knew from reading the complaint form that disclosure of all prior actions was required.  The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE

DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."  (Doc. 1, p. 3).  If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Therefore, this Court should not allow plaintiff's false responses to go unpunished.  The undersigned recommends that an appropriate sanction for plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this cause without prejudice.

Plaintiff's Complaint Fails To State A Claim Upon Which Relief May Be Granted

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  In determining whether the complaint states a claim upon which relief may be granted, the Court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff.  *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). There are a few exceptions to this rule, however, such as where the facts alleged are internally inconsistent or where they run counter to facts of which the Court can take judicial notice.  5B CHARLES A. WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2008).  Further, only well pleaded factual allegations are taken as true and only reasonable inferences are drawn in favor of the plaintiff.  *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *Marrero v. City of Hialeah*, 625 F.2d 499, 502 (5th  Cir. 1980);[3] *see also*

---

[3]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

*Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5ᵗʰ Cir. 1974) ("unwarranted deductions of fact are not admitted as true").  Mere "labels and conclusions" are not accepted as true.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (noting that courts "are not bound to accept as true a legal conclusion couched as a factual allegation")); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1951, 173 L. Ed. 2d 868 (2009) (explaining that conclusory allegations are not entitled to a presumption of truth); *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1266 (11ᵗʰ Cir. 2009) (stating that "in testing the sufficiency of the plaintiff's allegations, we do not credit . . . conclusory allegations as true").

As the Supreme Court reiterated in *Iqbal, supra*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 129 S. Ct. at 1949.  A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim.  *Id.*  The complaint must include "[f]actual allegations . . .  [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965, that is, "across the line from conceivable to plausible."  *Id.*, 550 U.S. at 570, 127 S. Ct. at 1974.

The complaint is also subject to dismissal under Rule 12(b)(6) if the allegations – on their face – show that an affirmative defense bars recovery on plaintiff's claims.

*Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007) (reiterating that principle).

As set forth above, the exhibits attached to plaintiff's complaint establish that a warrant for plaintiff's arrest was signed by Escambia County Circuit Court Judge J. Williams on November 6, 2007, prior to plaintiff's arrest.  (Doc. 1, Ex. A, p. 4). The warrant bore #07WAR028917, which is the warrant the Morgan Hill Police Department executed when they arrested plaintiff on November 7, 2007. (Doc. 1, Ex. B, p. 5).  The fact that a copy of the warrant was neither produced in response to plaintiff's FOIA requests, nor filed in plaintiff's criminal case, does not reasonably support an inference that the warrant did not exist.  Because the allegations of and attachments to plaintiff's complaint negate the factual basis of plaintiff's claim and show that plaintiff cannot plausibly recover on his warrantless arrest claim, the complaint is subject to dismissal on the additional (or alternative) basis of failing to state a claim.

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint."  *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005).  "A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile."  *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).  In this case, amendment would be futile, and dismissal is appropriate.

Accordingly, it is respectfully RECOMMENDED:

1.  That this cause be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. §1915A(b)(1) as malicious, or in the alternative, for failure to state a claim upon which relief may be granted.

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 6th day of March, 2012.

*/s/ Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).